# SUPERIOR COURT

Antonio Ricci
vs.  } W.C.A.Pet.No.557
Barone Lumber
Company

RESCRIPT.

July 11, 1925.

BAKER, J. Petition under Workmen's Compensation Act.

No question of failure of notice as to the alleged injury suffered by the petitioner or as to the physician's services is raised by the defendant.

The issue is whether or not the petitioner suffered an injury during the course of his employment by reason of which he became entitled to compensation.

The testimony shows that the petitioner some time during the summer of 1924 complained slightly of his back to the foreman of the defendant company. He continued regularly at his work, however. This work consisted chiefly in lifting and carrying heavy objects, such as beams, planks, bags of cement, bundles of shingles and the like. He also had to assist in loading and unloading cars and trucks.

It also appears from his testimony that he was absent from his work during the month of October, 1924, for a few days and that he complained that his back and left hip were troubling him to some extent. At this time he consulted a physician who told him that he had sciatica in his left leg. He continued working regularly until January 10, 1925, when he was compelled to stop as he could work no longer by reasons of pains in his back and in the region of his left hip. He was compelled to go to bed and was attended by another physician who testified that, in his judgment, he was suffering from a sacroiliac sprain. He prescribed rest for the man, some massage, and furnished him with a belt or supporter to wear, which he is still using. The petitioner also testified that just prior to his stopping work in January, 1925, he was engaged in unloading a large car load of shingles and, while doing this, he felt his back become worse and the pain increase.

The testimony shows that he was out of work from January 10, 1925, until March 3rd, 1925, when he obtained another position.

The defendant contends that the petitioner suffered no injury or accident within the meaning of the act but that he really had what might be termed an occupational disease.

After weighing the testimony, the Court finds that the petitioner has sustained the burden of proof of showing that he did suffer an injury. It does not seem to the Court to be a case of mere illness or a wearing out from long work, or a case of the gradual breaking down of tissues by reason of the type of work.

From the testimony it would seem to the Court clear that, while the petitioner had been troubled for some little time with his back and hip, the final injury can be traced to a period early in January when he was compelled to work a long time unloading a car of shingles. In the judgment of the Court there was a definite injury at that time. The evidence given by the defendant's foreman and by Dr. Harris tends to corroborate the petitioner in this connection.

The Court finds, therefore, that the petitioner is entitled to compensation for the period from January 10, 1925, to March 3rd, 1925, and is also entitled to his doctor's bills.

For Petitioner: Charles R. Easton.
For Respondent: Joseph W. Grimes.